# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**KATRENA LANIEU,**                                            **CIVIL ACTION NO.**
**INDIVIDUALLY AND**
**ON BEHALF OF DEVIN LEGGETT**

**VERSUS**

                                                    **20-780-SDD-EWD**

**ADAM GATICA,**
**ET AL.**

## NOTICE AND ORDER

This is a civil action involving claims for damages by Katrena Lanieu[1] ("Plaintiff") based upon the injuries she allegedly sustained on November 4, 2019 while travelling on Interstate 10 in Baton Rouge, Louisiana (the "Accident"). Plaintiff's vehicle was allegedly struck by the vehicle driven by Defendant Adam Gatica ("Gatica"), who was operating his vehicle while in the course and scope of his employment with Defendant Dispenser Installation Services, LLC ("DIS"), and was insured by Defendant Travelers Property Casualty Company of America ("Travelers'") (collectively, "Defendants").[2] On October 23, 2020, Plaintiff filed her Petition for Damages ("Petition") against Defendants in the Nineteenth Judicial District Court for the Parish of East Baton Rouge.[3] Plaintiff claims that she suffered personal injuries as a result of the Accident, caused by the negligence of Gatica, for which DIS is vicariously liable.[4] On November 17, 2020, Travelers removed the matter to this Court, based on diversity jurisdiction under 28 U.S.C. §

---

[1] Travelers contends that the claims of the minor, Devin Leggett, have been "negotiated and are not being removed to Federal Court." R. Doc. 1, ¶ 8. The Court interprets that allegation to mean that the claims of the minor were resolved prior to removal.
[2] R. Doc. 1-2, pp. 4-7 at ¶¶ 2, 4, 5, 7, 11, 12, 14.
[3] R. Doc. 1-2, pp. 4- 8.
[4] R. Doc. 1-2, pp. 5-6 at ¶¶ 3, 8-10.

1332.[5]  However, as explained below, the Notice of Removal is deficient in its allegations regarding the amount in controversy.

Proper information regarding the citizenship of all parties, and the amount in controversy, is necessary to establish the Court's diversity jurisdiction, as well as to make the determination required under 28 U.S.C. § 1441 regarding whether the case was properly removed to this Court. The Notice of Removal properly alleges that Plaintiff is domiciled in Louisiana; Gatica is domiciled in Texas; DIS is a limited liability company whose four members are domiciled in Texas; and Travelers is a Connecticut corporation with its principal place of business in Connecticut;[6] therefore, complete diversity of citizenship appears to exist.

However, it is not clear from the Petition or the Notice of Removal whether Plaintiff's claims likely exceed $75,000, exclusive of interest and costs.[7]  The Petition only generally alleges that Plaintiff suffered injuries to her back, neck, left arm and right foot, as well as general soreness throughout the body.[8]  Plaintiff seeks past, present, and future: physical pain and suffering; mental pain, anguish and distress; loss of enjoyment of life; medical expenses; and other damages to be shown at trial.[9]

In the Notice of Removal, Travelers relies on the above-referenced allegations of damages in the Petition,[10] and also alleges the following:

> 9.    Additionally, Plaintiff's counsel indicated to [sic] plaintiff Lanieu has undergone two spinal injections for herniated lumbar discs and three herniated cervical disks claiming such herniations are supposedly due to the accident. Plaintiff's counsel further indicated that Ms. Lanieu's medical specials total in excess of $26,000 to date and treatment is ongoing. Additionally, Plaintiffs'

---

[5] R. Doc. 1, introductory paragraph and ¶ 8.  Travelers avers that Gatica and DIS have not yet been served but consent to removal.  R. Doc. 1, ¶ 7.

[6] R. Doc. 1, ¶¶ 3-6 *and see* R. Doc. 1-2, p. 4, introductory paragraph.

[7] *See* 28 U.S.C. §1332(a).

[8] R. Doc. 1-2, ¶¶ 8-9.

[9] R. Doc. 1, ¶ 10.

[10] R. Doc. 1, ¶ 8.

> counsel was presented with a stipulation of damages on November 4, 2020, to which he responded that he could not stipulate that damages were less than $75,000....[11]

Travelers argues that the lack of a stipulation by Plaintiff and Plaintiff's failure to include an La. C.C.P. art. 893 statement in her Petition that the amount in controversy does not exceed $75,000.00, "combined with the medical treatment and billing," "are sufficient to satisfy the jurisdictional requirement herein."[12]

The foregoing is not sufficient to establish whether Plaintiff's claims will likely exceed $75,000, exclusive of interest and costs. First, Plaintiff's demands for general categories of damages in the Petition (and echoed in the Notice of Removal) (*e.g.*, past and future pain and suffering, mental anguish, lost wages and medical expenses),[13] are insufficient to establish the amount in controversy. "Courts have routinely held that pleading general categories of damages, such as 'pain and suffering, disability, lost wages, loss of earning capacity, medical expenses, etc.,' without any indication of the amount of the damages sought, does not provide sufficient information for the removing defendant to meet his burden of proving that the amount in controversy is satisfied under the 'facially apparent' test."[14]

The description of Plaintiff's actual injuries (*e.g.*, back, neck, left arm and right foot) in the Petition is also insufficient to indicate whether her damages likely exceed the jurisdictional amount, as this description does not provide any details as to the alleged injuries. The Notice of Removal, however, presents additional facts with respect to Plaintiff's injuries and damages, and whether Plaintiff's damages meet the jurisdictional threshold is a close question on the facts currently in the record. Plaintiff has more than $26,000 in medical expenses, more than three

---

[11] R. Doc. 1, ¶ 9.
[12] R. Doc. 1, ¶¶ 10-11.
[13] R. Doc. 1, ¶ 10.
[14] *Davis v. JK & T Wings, Inc.*, No. 11-501, 2012 WL 278728, at *3 (M.D. La. Jan. 6, 2012) and cases cited therein.

herniated discs, unspecified injuries to several other part of the body and Plaintiff has undergone

two spinal injections.[15] Travelers has not provided any details regarding the extent of Plaintiff's

medical treatment thus far, whether Plaintiff's injuries are permanent or Plaintiff's prognosis and

recommended future treatment, including whether Plaintiff has been recommended for surgery.

There is also no evidence of any settlement demands, discovery responses, or relevant documents

produced in discovery that would have bearing on the amount in controversy, nor does the Petition

demand a jury trial.[16]

Finally, the absence of an Article 893 statement, and Plaintiff's counsel's averment that he

"could not" stipulate that her damages do not exceed $75,000, are factors to consider but are not

determinative of whether the amount in controversy is met.[17]   While close, Travelers has not yet

---

[15] *See Davis v. S. Farm Bureau Cas. Ins. Co.,* No. 20-322-JWD-EWD, 2020 WL 3000803, at *2 (M.D. La. June 4, 2020) (ordering briefing on the amount in controversy on similar facts, *i.e*., the *Davis* plaintiff alleged herniated discs, among other injuries, and more than $30,000 in medical expenses).

[16] Traveler's Civil Cover sheet incorrectly indicates that the Petition requested trial by jury. R. Doc. 1-1. While a jury trial demand by the plaintiff would not be dispositive of the amount in controversy, it would be another piece of information to consider. *See, e.g., Batiste v. Stryker Corp*., No. 19-574, 2020 WL 2245845, at *4 (M.D. La. April 22, 2020), *report and recommendation adopted*, No. 19-574, 2020 WL 2296892 (M.D. La. May 7, 2020) ("While this Court has repeatedly held that a demand for jury trial and a lack of Article 893 allegation are insufficient alone to establish amount in controversy, they are factors to be considered.")(citation omitted).

[17] *See Ford v. State Farm Mut. Auto. Ins. Co.,* No. 08-403, 2009 WL 790150, at *4 (M.D. La. Mar. 25, 2009) ("[A]ll three U.S. District Courts in the State of Louisiana have recognized that the failure to include an Article 893 stipulation alone is insufficient to establish that the jurisdictional minimum is in controversy. *See, Weber v. Stevenson,* 2007 WL 4441261 (M.D. La. 2007)(While the failure to include an allegation in the state court petition that one's damages are less than the federal jurisdictional minimum in accordance with La. C.C.P. art. 893 is entitled to 'some consideration,' it is not, in and of itself, determinative of the amount in controversy."). *See also Johnson v. Beale,* No. 18-961-BAJ-EWD, 2019 WL 2150399, at **4-5 (M.D. La. Apr. 24, 2019), *report and recommendation adopted,* No. 18-961-BAJ-EWD, 2019 WL 2144807 (M.D. La. May 16, 2019) (*accord* regarding the lack of an La. C.C.P. art. 893 statement, and further holding that "the failure to stipulate is but one factor that the court may consider when analyzing whether the amount in controversy is present," *citing Torres v. Mall of Louisiana, LLC*, No. 17-466, 2017 WL 6994347, at *3, n. 20 (M.D. La. Dec. 5, 2017) ("this Court has previously held that, 'Plaintiffs did not have a legal obligation to sign Defendant's stipulation 'and, therefore, his refusal to do so cannot [alone] be considered proof by a preponderance of the evidence that the case is worth more than $ 75,000.' ") (citing *Cole v. Mesilla Valley Transportation*, No. 16-841-SDD-RLB, 2017 WL 1682561, at *5 (M.D. La. Mar. 15, 2017)) (quoting *Lipford v. Boehringer Ingelheim Pharm., Inc.*, No. 13-2858, 2014 WL 458359, at *5 (W.D. La. Feb. 4, 2014)); *Jacobs v. Fred's Super Dollar Store*, No. 15-234, 2015 WL 4543060, at * 4 (M.D. La. July 27, 2015) ("Plaintiff did not have a legal obligation to sign Defendant's stipulation 'and, therefore, his refusal to do so cannot [alone] be considered proof by a preponderance of the evidence that the case is worth more than $ 75,000.' Such a refusal 'is but one factor for the court to consider.' ") (internal citation omitted). *See also Lowe v. State Farm Fire & Cas. Co.*, No. 07-7454, 2008 WL 906311, at *2 (E.D. La. April 2, 2008) ("State Farm emphasizes both in the notice of removal and in its opposition that Plaintiffs did not file a pre-removal binding stipulation regarding the amount in controversy. However, Plaintiffs' failure to do so does not relieve the removing party of its burden to establish that the jurisdictional minimum is satisfied.").

met its burden of establishing that the amount in controversy is satisfied.   Although Plaintiff  has

not filed a Motion to Remand, the Court *sua sponte* raises the issue of whether it may exercise

diversity jurisdiction in this matter, specifically whether the amount in controversy requirement

has been met.[18]

Accordingly,

**IT IS ORDERED that, on or before December 14, 2020,** Defendant Travelers Property

Casualty Company of America shall file a memorandum and supporting evidence concerning

whether the amount in controversy requirement of 28 U.S.C. § 1332 is met.

**IT IS FURTHER ORDERED that, on or before December 28, 2020,** Plaintiff Katrena

Lanieu shall file either: (1) a Notice stating that Plaintiff does not dispute that Travelers has

established the jurisdictional requirements of 28 U.S.C. § 1332, or (2) a Motion to Remand.

The case will be allowed to proceed if jurisdiction is adequately established.

Signed in Baton Rouge, Louisiana, November 30, 2020.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[18] *See McDonal v. Abbott Laboratories*, 408 F.3d 177, 182, n. 5 (5th Cir. 2005) ("[A]ny federal court may raise subject matter jurisdiction *sua sponte*.").